RANZY CLEO REMBERT, Appellant, v. THE
STATE OF NEVADA, Respondent.

No. 17752

December 21, 1988                    766 P.2d 890

*Frank J. Cremen,* Las Vegas, for Appellant.

*Brian McKay,* Attorney General, Carson City; *Rex Bell,* District Attorney, *James Tufteland,* Chief Deputy, *Melvyn T. Harmon,* Chief Deputy, Clark County, for Respondent.

## OPINION

*Per Curiam:*

A jury convicted appellant Ranzy Cleo Rembert of one count

each of battery with intent to commit a crime and sexual assault. He now appeals from the district court's judgment of conviction and alleges three assignments of error. According to appellant, the evidence adduced at trial was insufficient to support his conviction, the district court erred in refusing to declare a mistrial, and the district court erred in permitting the prosecution to present improper impeachment evidence. For the reason set forth below, we reverse and remand for a new trial.

## THE FACTS

On May 14, 1985, the State, by information, charged appellant with five counts of sexual assault and two counts of battery with intent to commit a crime. Although the victim alleged numerous instances of sexual assault by appellant continuing from the time that she was in the first grade, the information charged only those acts, allegedly committed between November 29, 1981 and July 5, 1982, that she could recall with particularity. The two counts of which the jury found appellant guilty were said to have occurred on July 5, 1982, when the victim was fourteen years of age.

The victim testified that on July 5, 1982, she and her half-sister, appellant's daughter Alisha, were watching television when appellant appeared in the nude and directed her to gather up some soiled towels located in an upstairs bathroom. She testified further that she refused to follow appellant's direction and that he left momentarily, but returned carrying an electrical extension cord. A struggle ensued during which appellant allegedly struck the victim repeatedly with the extension cord and then forced her into an upstairs bedroom where he sexually assaulted her.

Appellant denied ever striking the victim and any sexual misconduct. The defense's theory was that Barbara Cooper, the victim's mother, instigated the prosecution as a means of obtaining exclusive ownership of the home in which she and appellant had cohabited.

## SUFFICIENCY OF THE EVIDENCE

Appellant correctly concedes that the uncorroborated testimony of a sexual assault victim is sufficient to sustain a conviction for that charge. *See* Deeds v. State, 97 Nev. 216, 626 P.2d 271 (1981). He contends, however, that abundant circumstances exist that render the victim's testimony unbelievable. In support of his position, appellant cites State v. Diamond, 50 Nev. 433, 264 P.2d 697 (1982), where we suggested that circumstances could exist in a sexual assault case that would be sufficient, as a matter of law, to render the complaining witness's testimony

incredible. *Id.* at 437, 264 P.2d at 698-99. Appellant argues that the failure of anyone to detect the alleged continuous sexual abuse, coupled with Barbara Cooper's testimony on cross-examination that she seldom left the children with appellant, as well as Barbara Cooper's ulterior motive of obtaining exclusive possession of the parties' home are sufficient to destroy the credibility of the victim's testimony. We disagree.

The foregoing were matters for the jury's deliberation in assessing the weight of the evidence and the credibility of the witnesses. Washington v. State, 96 Nev. 305, 608 P.2d 1101 (1980). We are not convinced that it was unreasonable for the jury to accept the victim's testimony as true and to reject appellant's theory of defense. *See* Hunt v. State, 92 Nev. 536, 554 P.2d 255 (1976). We conclude, therefore, that the victim's testimony was not incredible as a matter of law.

## DENIAL OF MISTRIAL MOTION

Appellant next contends that the district court erred in denying his motion for a mistrial. Appellant based the motion on his inability to meaningfully cross-examine the victim's half-sister, Alisha, and what he perceived as the prejudicial impact of Alisha's demeanor before the jury.

We need not reach this issue because, as hereinafter set forth, we must reverse for a new trial because of the introduction of improper impeachment evidence. At a new trial, problems relating to the cross-examination of Alisha will not necessarily recur. We trust the State will refrain from placing her on the witness stand in the future, if it appears she will again refuse to testify and to be cross-examined on material matters.

## IMPROPER IMPEACHMENT EVIDENCE

Finally, appellant contends that the district court erred in permitting the prosecution to impeach his credibility on a collateral matter with extrinsic evidence. Appellant argues that the district court's decision to admit the extrinsic evidence was contrary to NRS 50.085(3),[1] and that the resulting prejudice was sufficient to deny him a fair trial. We agree.

---

[1]NRS 50.085(3) provides:

> Specific instances of the conduct of a witness, for the purpose of attacking or supporting his credibility, other than conviction of crime, may not be proved by extrinsic evidence. They may, however, if relevant to truthfulness, be inquired into on cross-examination of the witness himself or on cross-examination of a witness who testifies to an opinion of his character for truthfulness or untruthfulness, subject to the general limitations upon relevant evidence and the limitations upon interrogation and subject to the provisions of NRS 50.090.

In an effort to show that he lacked the opportunity to commit the alleged acts, appellant presented evidence of his continuous employment history. Appellant testified that during one period he worked as a limousine driver. On cross-examination, the prosecution asked why appellant discontinued that employment. Appellant replied that he had not enjoyed the work and decided to return to the gaming industry. Over the defense's objection, the prosecution later presented testimony that the limousine company had terminated appellant.

Respondent argues that appellant improperly presented evidence of appellant's character traits and that pursuant to NRS 48.045(1)(a)[2] the State was entitled to rebut this evidence. Certainly, if appellant had presented evidence of his employment history to demonstrate that he was industrious such evidence would have been improper and inadmissible. *See* Daly v. State, 99 Nev. 564, 665 P.2d 798 (1983) (accused may offer character evidence confined to traits of character relevant to conduct charged). Industriousness is not relevant to the conduct with which appellant was charged. Even so, pursuant to NRS 48.045(1)(a) the State would be permitted only to rebut the proffered character evidence with "similar evidence," i.e., evidence of appellant's lack of industry.

Appellant did not, however, present evidence of his past employment to show that he was industrious; rather, as noted above, he offered the evidence to demonstrate lack of opportunity. The prosecution could have rebutted this testimony by showing that despite appellant's employment he did have the opportunity to commit the alleged acts. Instead, it sought to impeach appellant's credibility with extrinsic evidence on a matter entirely collateral to the issues being decided at trial. In permitting the prosecution to proceed in this manner, the district court erred.

As the jury's verdict in this case was dependent on its assessment of the witnesses' credibility, we cannot say that the district court's error was harmless beyond a reasonable doubt. *See* Chapman v. California, 386 U.S. 18, 24 (1967). Accordingly, we

---

[2]NRS 48.045(1)(a) provides:

Evidence of a person's character or a trait of his character is not admissible for the purpose of proving that he acted in conformity therewith on a particular occasion, except:

Evidence of his character or a trait of his character offered by an accused, and similar evidence offered by the prosecution to rebut such evidence.

reverse the district court's judgment of conviction and remand this case for a new trial.