80 P.3d 1276 (2003)
In the Matter of T.R., a Minor.
T.R., Appellant,
v.
The State of Nevada, Division of Child and Family Services, Department of Human Resources, Respondent.
No. 38480.
Supreme Court of Nevada.
December 30, 2003.
*1277 Marcus D. Cooper, Public Defender, and Susan K. Roske and Abel M. Yanez, Deputy Public Defenders, Clark County, for Appellant.
David J. Roger, District Attorney, Clark A. Peterson, Chief Deputy District Attorney, and Jonathan VanBoskerck, Deputy District Attorney, Clark County, for Respondent.
Before the Court En Banc.

OPINION
PER CURIAM.
This appeal challenges, as unduly vague, the application of Nevada's adult sex offender registration and notification provisions to an adjudicated juvenile sex offender upon reaching his twenty-first birthday pursuant to NRS 62.590. Because the statute fails to give sufficient notice of what conduct is prohibited and authorizes or encourages arbitrary and discriminatory enforcement, the statute is void for vagueness. We therefore reverse the portion of the district court's judgment that requires appellant to submit to a hearing under NRS 62.590. We affirm the portion of the district court's judgment that adjudicated appellant a delinquent.

FACTS
The district attorney filed a petition for delinquency against appellant T.R., a fourteen-year-old boy, alleging three counts of sexual assault against a victim under the age of fourteen. Count I alleged that T.R. sodomized the four-year-old victim, Count II alleged that T.R. forced the victim to orally copulate him, and Count III alleged that T.R. orally copulated the victim.
An evidentiary hearing was conducted before a district court hearing master. The master heard conflicting testimony from the victim, T.R., and their respective family members. Additionally, the victim's grandmother *1278 testified to TR's revelation to her that he had been sexually assaulted. Following closing argument, the master concluded that the State had proved Counts I and II by clear and convincing evidence and that Count III should be dismissed. The district court then entered an order that adopted the master's findings and recommendations.
T.R. timely moved for rehearing of the district court's order. He asserted that the State had failed to prove beyond a reasonable doubt that he had committed the alleged sexual assaults, and that the master inappropriately considered unreliable hearsay statements in reaching its decision. The State opposed the motion, and the matter was scheduled for a hearing.
In the interim, the Juvenile Probation Department prepared a dispositional report following its evaluation of T.R. The Department recommended that T.R. complete a correctional program, submit to community notification under NRS 62.500 through 62.600 and, upon reaching his twenty-first birthday, be subject to a hearing under NRS 62.590 to determine if he should be required to comply with the adult sex offender registration and notification statutes beyond his twenty-first birthday.
Before the hearing was conducted on T.R.'s rehearing motion, he moved to strike the Probation Department's recommendation that he comply with the community notification statutes. The State opposed his motion, and the Attorney General's Office also filed an opposition. After a hearing, the court upheld the master's decision as to Count I (sodomy), but concluded that the State had failed to prove Count II (oral copulation of T.R.) beyond a reasonable doubt. The district court adopted the Probation Department's recommendations, adjudicated T.R. a delinquent child, and ordered him committed to correctional placement. Subsequently, the district court entered a written order that denied T.R.'s motion to strike the dispositional requirements for community notification. T.R. timely appealed.
On appeal, T.R. challenges his delinquency adjudication for sexual assault as not supported by sufficient evidence. T.R. also contends that NRS 62.590, which imposes adult sex offender registration and notification requirements on juvenile sex offenders, is unconstitutionally vague and therefore cannot be applied to him.

DISCUSSION

I. Sufficiency of the evidence

When a juvenile challenges his delinquency adjudication for an offense that was established beyond a reasonable doubt, this court will affirm a judgment that is supported by sufficient evidence.[1] Thus, we will consider whether, when viewing all of the evidence in the State's favor, a rational fact finder could have found the offense's essential elements beyond a reasonable doubt.[2] Additionally, evaluating the credibility of witnesses and the weight to be given their testimony is within the fact finder's province.[3] Finally, a sexual assault victim's uncorroborated testimony is sufficient evidence to support an adjudication.[4]
Under NRS 200.366(1), "[a] person who subjects another person to sexual penetration... is guilty of sexual assault." T.R. contends that insufficient evidence was adduced at the adjudication proceeding to prove that he committed sexual assault because the victim's testimony was unreliable, the victim's grandmother's hearsay testimony was improperly *1279 admitted, and no corroborating evidence was offered to establish sexual abuse. Based on evidence presented during the adjudication hearing, the district court found that sufficient evidence existed in the record to support the hearing master's findings and recommendations as to Count I, sodomy. The district court also concluded that the master properly considered the grandmother's admissible hearsay testimony concerning what the victim had told her about the sexual assault.[5] Considering the evidence in the light most favorable to the State, we conclude that a rational fact finder could have found beyond a reasonable doubt that T.R. committed the offense of sexual assault. Accordingly, we affirm the district court's delinquency adjudication.

II. Constitutional challenge

After a child has been adjudicated a delinquent for a sexual offense, he or she is subject to community notification unless relieved of that duty by the district court.[6] If the child has not been relieved of the duty to comply with community notification requirements by the time he or she is twenty-one, the district court must "determine whether the child should be deemed an adult sex offender for the purposes of registration and community notification."[7] More specifically, NRS 62.590 provides in relevant part:
1. If a child who has been adjudicated delinquent for a sexual offense or a sexually motivated act is not relieved of being subject to community notification as a juvenile sex offender before the child reaches 21 years of age, the court shall hold a hearing when the child reaches 21 years of age to determine whether the child should be deemed an adult sex offender for the purposes of registration and community notification pursuant to NRS 179D.350 to 179D.800, inclusive.
....
3. If the court determines at the hearing that the child has not been rehabilitated to the satisfaction of the court or that the child is likely to pose a threat to the safety of others, the court shall deem the child to be an adult sex offender for the purposes of registration and community notification pursuant to NRS 179D.350 to 179D.800, inclusive.
4. If a child is deemed to be an adult sex offender pursuant to this section, the court shall notify the central repository, so the central repository may carry out the provisions for registration of the child as an adult sex offender pursuant to NRS 179D.450.

A. Ripeness

The State contends that T.R. lacks standing to challenge the application of NRS 62.590. Since T.R. has not yet been subject to a hearing regarding his possible duty to register as an adult sex offender, the State insists that T.R. has not suffered any injury and that the issues concerning NRS 62.590's future application are not ripe for this court's review.
Although the question of ripeness closely resembles the question of standing, ripeness focuses on the timing of the action rather than on the party bringing the action.[8] In the present case, T.R. seeks pre-enforcement review of NRS 62.590; thus, ripeness, rather than standing, is our focus.[9] The factors to be weighed in deciding whether a case is ripe for judicial review include: (1) the hardship to the parties of withholding judicial review, and (2) the suitability of the issues for review.[10] T.R. argues that NRS *1280 62.590 contains vague and arbitrary language and therefore violates the Fourteenth Amendment's Due Process Clause. The district court's delinquency order requires T.R. to submit to a hearing under NRS 62.590 when he reaches twenty-one. Thus, application of NRS 62.590 is certain.[11] Moreover, delay will harm T.R., as he is unsure how the statute applies to his current and future life choices; those choices could well influence the district court's decision in any hearing under NRS 62.590. Nothing is gained from deferring review until T.R. is twenty-one. As for the issues' suitability for review, the record is sufficiently developed to allow us to consider the legal questions before us. Applying these factors, we conclude that this case is ripe for our review.

B. Vagueness

With respect to T.R.'s facial challenge to NRS 62.590, he contends that under the Due Process Clause, the statute's sex offender registration and notification requirement is impermissibly vague on its face.[12] He asserts that NRS 62.590 provides no guidance or standards for determining when a juvenile sex offender is rehabilitated, or a threat to the community, and that the statute encourages arbitrary and discriminatory enforcement.
Substantive due process demands definitive laws and includes the void-for-vagueness doctrine.[13] The vagueness doctrine is based upon the principle that "a statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application, violates the first essential of due process of law."[14] Thus, when a statute is so unclear that vagueness pervades the law's content, it is subject to a facial attack.[15] To succeed on a facial challenge for vagueness, "the complainant must demonstrate that the law is impermissibly vague in all of its applications."[16] A complainant "who engages in some conduct that is clearly proscribed cannot complain of the vagueness of the law as applied to the conduct of others."[17]
In Grayned v. City of Rockford,[18] the United States Supreme Court announced the standards for evaluating whether a law is vague. The Court explained that a law must give a "person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly."[19] The law must also provide explicit standards for *1281 those who apply them to avoid arbitrary and discriminatory enforcement.[20] T.R. contends that NRS 62.590 encourages arbitrary and erratic decision-making and results in arbitrary enforcement. The State contends that the statute provides sufficient standards to allow fair and evenhanded application and, therefore, is not unconstitutionally vague.
As set forth above, the statute provides that when a juvenile turns twenty-one, the district court shall conduct a hearing to determine whether the child has been "rehabilitated to the satisfaction of the court" and whether the child "is likely to pose a threat to the safety of others."[21] The concepts of rehabilitation and recidivism are tenuous and difficult to define. Unfortunately, the statute provides no guidance with respect to how a child should conduct himself or herself to avoid lifetime registration. Whether a child has participated in any educational programs to understand the nature of sexual abuse, how it impacts victims, the risks of relapse, as well as completing counseling and substance abuse treatment programs may be relevant but not dispositive. A child might successfully complete such programs and still be subject to lifetime supervision because the express language, "rehabilitated to the satisfaction of the court" and "likely to pose a threat to the safety of others,"[22] is entirely subjective, as it fails to provide the district court with any standards for determining whether a child is rehabilitated or poses a continuing threat to society. Thus, even if a child favorably completes relevant programs and refrains from troubling conduct, the resulting application of NRS 62.590 at a hearing could vary significantly from judge to judge because of the statute's lack of direction. In other words, since the statute lacks explicit standards to guide the district court in reaching its decision, it is subject to arbitrary and discriminatory application.[23] Because NRS 62.590 provides no guidance for the child to "act accordingly" and authorizes or encourages arbitrary and discriminatory enforcement, the statute is void for vagueness.

CONCLUSION
We reverse that portion of the district court's order requiring appellant to submit to a hearing under NRS 62.590 when he reaches twenty-one years of age. We affirm that portion of the district court's order adjudicating appellant a delinquent.[24]
LEAVITT, J., dissenting.
I would reverse because the State failed to prove T.R.'s guilt beyond a reasonable doubt.
This matter involves the violation of a criminal statute, and though adjudications of a delinquency are civil in nature, the State is still required to prove the elements of the offense beyond a reasonable doubt.[1] We review the evidence on appeal in the light most favorable to the prosecution and must be convinced of a person's guilt beyond a reasonable doubt.[2]
There is no requirement that the testimony of a sexual assault victim be corroborated, and the victim's testimony, standing alone and if believed beyond a reasonable doubt, is sufficient to sustain a verdict of guilty.[3] However, we have held that circumstances *1282 may exist in a sexual assault case that would be sufficient, as a matter of law, to render the victim's testimony incredible.[4] Such circumstances exist in this case.
The victim in this case was four years old when the alleged sexual assault took place. He was asked by his grandmother "to tell a story" after she had told him the stories of the three bears and the three little pigs. He responded that T.R. had "put his pee-pee in my butt and it hurt." He later told the same "story" to his aunt and a pediatric nurse. The nurse examined his rectal area and noticed a small whitened area that could have been caused by constipation. She could not say that the victim had been sexually abused. A subsequent statement by the four-year-old that T.R.'s "pee-pee got big" and "stuff came out" seems to demonstrate a knowledge of sexual anatomy beyond the victim's age. But other evidence was introduced that the four-year-old had urinated on his sixteen-month-old cousin and that he had been caught engaging in fellatio with another four-year-old child. These acts also indicate knowledge beyond the normal knowledge of a four-year-old child. Moreover, all questions posed to the victim were leading and suggestive because of his age.
T.R., the fourteen-year-old defendant, denied any inappropriate sexual conduct and disputed that he even had the opportunity to commit the alleged acts. The hearing master, however, questioned T.R.'s credibility because T.R. himself had been the victim of previous sexual abuse.
In examining the evidence introduced at the hearing in the light most favorable to the prosecution, I cannot say that a rational trier of fact could conclude that T.R. is guilty beyond a reasonable doubt.[5]
Therefore, I would reverse the conviction.
NOTES
[1] In re E.R.L., 109 S.W.3d 123, 127 (Tex.App. 2003) (providing that when a juvenile challenges the "sufficiency of [the] evidence to support an adjudication of a penal offense requiring proof by the State beyond a reasonable doubt as the basis for the finding of delinquency, the appellate court applies a criminal standard of review"); see also In re Donald R., 343 Ill.App.3d 237, 277 Ill.Dec. 584, 796 N.E.2d 670, 677 (2003) (applying criminal standard to challenge the sufficiency of the evidence in juvenile sex offender proceedings); Davis v. State, 110 Nev. 1107, 881 P.2d 657 (1994) (stating that a judgment of conviction will be affirmed if supported by sufficient evidence).
[2] Hutchins v. State, 110 Nev. 103, 107-08, 867 P.2d 1136, 1139 (1994).
[3] Lay v. State, 110 Nev. 1189, 1192, 886 P.2d 448, 450 (1994).
[4] See Hutchins, 110 Nev. at 109, 867 P.2d at 1140.
[5] NRS 51.385 (providing special provisions permitting the admission of hearsay statements by a child sexual-assault victim).
[6] See NRS 62.570; NRS 62.585(1), (2).
[7] NRS 62.590(1).
[8] See Smith v. Wisconsin Dept. of Agriculture, 23 F.3d 1134, 1141 (7th Cir.1994) (noting the distinction between standing and ripeness doctrines); see also 13 Charles Alan Wright, Arthur R. Miller, Edward H. Cooper & Richard D. Freer, Federal Practice & Procedure § 3531, at 350 (2d ed.1984) (observing that ripeness "could be seen as providing time-bound perspective[] on the injury inquiry of standing").
[9] See Smith, 23 F.3d at 1141; Erwin Chemerinsky, Federal Jurisdiction § 2.4, at 100 (1989).
[10] See Abbott Laboratories v. Gardner, 387 U.S. 136, 149, 87 S.Ct. 1507, 18 L.Ed.2d 681 (1967), abrogated on other grounds by Califano v. Sanders, 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977).
[11] See Chang v. U.S., 327 F.3d 911, 922 (9th Cir.2003) (recognizing that an issue is ripe for review when it is inevitable that a regulation will be enforced against a plaintiff).
[12] T.R. also argues, but only in a cursory manner, that NRS 62.590 violates procedural due process. He further contends that the statute violates equal protection guarantees by treating juvenile sex offenders differently from adult offenders. We note that the United States Supreme Court has yet to address whether a sex offender registration and notification statute implicates a constitutionally protected liberty or other interest. Recognition of a constitutionally protected interest would require a state to demonstrate such statutes are supported by a compelling interest under the Equal Protection or Due Process Clauses. See Connecticut Dept. of Public Safety v. Doe, 538 U.S. 1, 123 S.Ct. 1160, 155 L.Ed.2d 98 (2003). Because we conclude that the statute is unduly vague, we do not reach these constitutional claims. Further, although T.R. states that NRS 62.500-.600 (which include juvenile sex offender registration provisions) should not apply to him, he claims that they should not apply only because they trigger the application of the adult registration and notification requirements. Consequently, our review is limited to NRS 62.590, the adult registration and notification provisions.
[13] Kolender v. Lawson, 461 U.S. 352, 357, 103 S.Ct. 1855, 75 L.Ed.2d 903 (1983); Grayned v. City of Rockford, 408 U.S. 104, 108, 92 S.Ct. 2294, 33 L.Ed.2d 222 (1972).
[14] Connally v. General Const. Co., 269 U.S. 385, 391, 46 S.Ct. 126, 70 L.Ed. 322 (1926).
[15] See City of Las Vegas v. Dist. Ct., 118 Nev. ___, ___, 59 P.3d 477, 479 (2002).
[16] Hoffman Estates v. Flipside, Hoffman Estates, 455 U.S. 489, 497, 102 S.Ct. 1186, 71 L.Ed.2d 362 (1982); accord Sheriff v. Martin, 99 Nev. 336, 340, 662 P.2d 634, 637 (1983).
[17] Hoffman, 455 U.S. at 495, 102 S.Ct. 1186; Martin, 99 Nev. at 340, 662 P.2d at 637.
[18] 408 U.S. at 108-09, 92 S.Ct. 2294.
[19] Id. at 108., 92 S.Ct. 2294
[20] Id.
[21] NRS 62.590(3).
[22] Id.
[23] We also note that the statute does not provide for the type of hearing to be conducted, what standard of proof applies, and whether the State or the child bears the burden of proof. These omissions compound the statute's vagueness.
[24] T.R. also argues that the juvenile court exceeded its jurisdiction under NRS 62.590, and that the rule of lenity applies to the statute. We conclude that these arguments lack merit. See Kell v. State, 96 Nev. 791, 618 P.2d 350 (1980) (recognizing that the legislature provides jurisdiction for the juvenile justice system); United States v. Bass, 404 U.S. 336, 348, 92 S.Ct. 515, 30 L.Ed.2d 488 (1971) (discussing the policies underlying the rule of lenity).
[1] See NRS 62.193(1), (5).
[2] Koza v. State, 100 Nev. 245, 250, 681 P.2d 44, 47 (1984); McNair v. State, 108 Nev. 53, 56, 825 P.2d 571, 573 (1992).
[3] See Rembert v. State, 104 Nev. 680, 681, 766 P.2d 890, 891 (1988); Deeds v. State, 97 Nev. 216, 217, 626 P.2d 271, 272 (1981).
[4] State v. Diamond, 50 Nev. 433, 437, 264 P. 697, 698-99 (1928).
[5] Hutchins v. State, 110 Nev. 103, 107-08, 867 P.2d 1136, 1139 (1994) (citing Koza, 100 Nev. at 250, 681 P.2d at 47); see also Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).