# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF: G. L., JR., A CHILD.

G. L., JR.,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 79287

FILED

SEP 18 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a juvenile court order adjudicating appellant G.L., Jr., a delinquent child.[1] Fifth Judicial District Court, Nye County; Robert W. Lane, Judge.

Appellant argues that insufficient evidence supports his delinquency adjudication for sexual assault of a minor under the age of 14. We will uphold an adjudication of delinquency when the evidence, viewed in the light most favorable to the State, is sufficient for a rational fact finder to find the elements of the delinquent act beyond a reasonable doubt. *In re T.R.*, 119 Nev. 646, 649, 80 P.3d 1276, 1278 (2003). It is exclusively within the fact finder's province to weigh evidence and determine the credibility of witnesses. *Id.* at 649-50, 80 P.3d at 1278.

Appellant contends that the evidence adduced at the adjudication proceeding was insufficient because the victims' testimony was inconsistent, vague, and not credible, and the juvenile court improperly allowed hearsay testimony. We disagree. Two of the victims—J.S., who was 7 years old at the time of the proceeding, and C.S., who was 9 years

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

old—testified that appellant forced them to engage in oral sex. They both provided specific details about the sexual acts, where the acts occurred, and the date or time frame in which the acts took place. We conclude that this testimony was sufficiently detailed for the juvenile court master to find beyond a reasonable doubt that appellant committed sexual assault.[2] *See* NRS 200.366. Although appellant contends that C.S.'s testimony was not credible because he initially equivocated or stated he was unable to remember what happened, it is clear from the record that C.S.'s initial responses resulted from his reluctance to discuss the incident. Moreover, the juvenile court found his testimony to be credible. As to appellant's contention that J.S.'s mother provided improper hearsay testimony about J.S.'s physical reaction and statements concerning the sexual assault, we conclude that the juvenile court did not err in allowing that testimony. *See* NRS 51.385 (permitting the admission of hearsay statements by a child sexual-assault victim under certain circumstances). Accordingly, we

ORDER the judgment of the juvenile court AFFIRMED.

_____, J.
Parraguirre

_____, J.
Hardesty

_____, J.
Cadish

---

[2]Appellant's challenges to the sufficiency of the evidence and the juvenile court's evidentiary rulings largely concern the testimony of a third victim and his mother. However, we need not consider these arguments, as the juvenile court found that the State did not prove the allegation related to that victim beyond a reasonable doubt, and the juvenile court did not rely on testimony concerning that victim to adjudicate appellant a delinquent child.

cc: Hon. Robert W. Lane, District Judge
Mace J. Yampolsky, Ltd.
Attorney General/Carson City
Nye County District Attorney
Nye County Clerk