# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF: K. S.-L., DATE
OF BIRTH: 02/14/2004, A MINOR.

K. S.-L.,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 80754

FILED

MAY 27 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a juvenile court order adjudicating appellant delinquent. Eighth Judicial District Court, Family Court Division, Clark County; William O. Voy, Judge.

Appellant K.S.-L. was charged by way of petition with one count of lewdness with a minor under 14 years of age (felony) and one count of open or gross lewdness (gross misdemeanor). The State alleged that between 2016 and 2017, K.S.-L., who was either 12 or 13 years old at the time, pinned his younger fictive cousin, K.P., to a bed and fondled K.P.'s penis with the intent of arousing, appealing to, or gratifying the lust, passions, or sexual desires of K.P. or himself. K.S.-L. denied the charges, and the matter proceeded to a one-day contested hearing. After listening to the testimony of K.P. and his mother, the hearing master found K.S.-L. guilty of one count of lewdness with a minor under 14 years of age and dismissed the other count as redundant. K.S.-L. objected to the hearing master's findings, and the State filed an opposition. The juvenile court denied K.S.-L.'s objection, adopting the hearing master's findings. K.S.-L. had the right to seek de novo review by the district court but chose not to do so. *See* NRS 62B.030(4)(c). This appeal followed.

SUPREME COURT
OF
NEVADA

(O) 1947A

21-15261

K.S.-L. argues that the juvenile court erred in its finding that he possessed the requisite intent for committing lewdness with a minor under 14. We disagree. We review the juvenile court's finding of delinquency for sufficiency of the evidence, considering "whether, when viewing all of the evidence in the State's favor, a rational fact finder could have found the offense's essential elements beyond a reasonable doubt." *In re T.R.*, 119 Nev. 646, 649, 80 P.3d 1276, 1278 (2003). Under NRS 201.230(1)(b), a person is guilty of lewdness with a child if they commit a lewd act on a child under the age of 14 "with the intent of arousing, appealing to, or gratifying the lust or passions or sexual desires of that person or of that child." The circumstances surrounding the alleged act may be considered in order to determine specific intent. NRS 193.200 ("Intention is manifested by the circumstances connected with the perpetration of the offense, and the sound mind and discretion of the person accused."). The State presented sufficient evidence for a rational fact finder to have found the offense's essential elements beyond a reasonable doubt. *In re T.R.*, 119 Nev. at 649, 80 P.3d at 1278. Thus, we conclude that the juvenile court did not err when it found that there was sufficient evidence to prove that K.S.-L. had the requisite intent as required by NRS 201.230(1)(b).

K.S.-L. also argues that the State failed to rebut K.S.-L.'s presumption of innocence beyond a reasonable doubt because, he alleges, K.P. was suggestible and thus not a credible witness. We disagree. We review this claim as well for sufficiency of the evidence. *In re T.R.*, 119 Nev. at 649, 80 P.3d at 1278. *In re Winship* held that the Due Process Clause of the Fourteenth Amendment "protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." 397 U.S. 358, 364 (1970). In Nevada,

a victim's testimony in a lewdness case does not have to be corroborated in order for it to be used to support a conviction. *Franks v. State*, 135 Nev. 1, 7, 432 P.3d 752, 757 (2019); *Gaxiola v. State*, 121 Nev. 638, 648, 119 P.3d 1225, 1232 (2005). Moreover, this court will not reweigh the credibility of witnesses. *McNair v. State*, 108 Nev. 53, 56, 825 P.2d 571, 573 (1992). This court has already recognized that child victims may not be able to recall all details of a sexual trauma, such as its specific time, with particularity. *LaPierre v. State*, 108 Nev. 528, 531, 836 P.2d 56, 58 (1992). There were factors at play in this case, including that K.S.-L. and K.P. were alone when the incident occurred and they considered each other family, that made the circumstances in this case particularly fraught. It would be reasonable to infer that these factors would explain K.P.'s delay in disclosure and his uncertainty as to some details of the incident. Moreover, K.P. testified to several details of the incident, including the time of year, what he and K.S.-L. were wearing, the positioning of their bodies, the fact that they were alone, the setup of the bedroom in which the incident occurred, and other details, with specificity. We conclude that there was sufficient evidence to support the juvenile court's finding that the State overcame K.S.-L.'s presumption of innocence.

Lastly, K.S.-L. alleges that the State did not present sufficient evidence that he knew the wrongfulness of his conduct pursuant to NRS 194.010, and so therefore the juvenile court erred in finding that the State had fulfilled its burden. This is a closer issue, but we nonetheless disagree with K.S.-L.'s contentions. While the State arguably presented only minimal evidence on this issue, primarily through the testimony of K.P's mother, that testimony stood unchallenged as there were no objections to the foundation or basis of knowledge or experience underlying the mother's

statements and opinions, and this court respects the lower court's factual findings. *State v. Smith*, 131 Nev. 628, 630, 356 P.3d 1092, 1094 (2015) (recognizing that "this court defers to factual findings of the district court."). Thus, we hold that the State presented sufficient evidence to constitute "clear proof" that K.S.-L. knew the wrongfulness of his actions at the time of the incident. NRS 194.010(3) (requiring for a minor "clear proof that at the time of committing the act charged against them they knew its wrongfulness"). In short, it was reasonable for the juvenile court to conclude that K.S.-L., an average 12- to 13-year-old boy with no cognitive deficiencies at the time of the incident, who, the testimony revealed, knew right from wrong and knew that touching or fondling another person's penis is wrong, who pinned a younger boy underneath him to a bed and fondled the younger boy's penis for more than one but less than ten minutes, and who persisted after the younger boy told him to stop, would have known that his actions were wrong at the time the incident occurred. Moreover, although K.S.-L. left the bedroom door open during the incident and did not threaten the victim not to tell, K.S.-L. nonetheless chose to pin K.P. to the bed while they were inside the house alone and all of the remaining family members were

outside. We conclude that, based upon the evidence presented, the State did provide sufficient evidence to support a finding that there was clear proof of knowledge of wrongfulness.

We therefore

ORDER the judgment of the juvenile court AFFIRMED.

_____, J.
Cadish

_____, J.
Pickering

_____, J.
Herndon

cc: Hon. William O. Voy, District Judge, Family Court Division
Clark County Public Defender
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk