**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Edward HENRY, Defendant-Appellant.**

**No. 77-1713.**

United States Court of Appeals, Ninth Circuit.

Sept. 12, 1977.

Jerome M. Polaha, Reno, Nev., submitted brief for defendant-appellant.

Leland E. Lutfy, Asst. U.S. Atty., Reno, Nev., submitted brief for plaintiff-appellee.

Before CARTER and TRASK, Circuit Judges, and BURNS,* District Judge.

BURNS, District Judge.

This is an appeal from a conviction for rape by an Indian within Indian country, 18 U.S.C. §§ 1153 and 2031.

Appellant claims the trial court erred:

a) in allowing the defense to call but two of four requested character witnesses;

b) in refusing to give a cautionary instruction on rape.

Appellant also claims the evidence was insufficient. We affirm.

## FACTS

On the afternoon of November 23, 1976, Joan Bodart left Fremont, California, in her car to visit a friend in Mountain Home, Idaho. Shortly after midnight she found herself in Mountain City, Nevada, (about 100 miles from her destination) with little more than one quarter of a tank of gas. Concerned that this would not be enough fuel, she stopped at a tavern to inquire about the remaining journey. There she met appellant, who told her he was headed in the same direction and offered to follow her in his truck.

Bodart agreed, and the two departed in their vehicles. A few miles down the road, however, Bodart lost control of her car and went into a spin, forcing appellant's vehicle off the road and into a ditch. Thereupon, appellant joined Bodart in her car. The two persons headed towards Owyhee, Nevada, to find a tow truck. On the way appellant told Bodart that he knew of a cabin off

* Honorable James M. Burns, United States District Judge, District of Oregon, sitting by designation.

the road where there were gasoline pumps and a telephone. Bodart was persuaded to leave the highway and travel some distance over a dirt road. Shortly afterwards she stopped because her car was overheating.

The trial testimony as to the next events is in sharp conflict. It is agreed there was intercourse. Appellant maintained he neither used nor threatened violence to gain his way. Bodart testified that: appellant stated he would rape her; he grabbed her by the shoulders, hit her on the side of the face, and hit her head against the ground; when she continued to resist he pulled out a knife, held it in her face, and threatened to kill her; and she submitted to his advances only because of this violence and threat of further violence.

After the incident, Bodart drove appellant back to Mountain City where appellant left the car. Bodart then proceeded to Owyhee (a distance of about 12 miles) where she asked for help from the occupant of a trailer home. This man accompanied her to the Owyhee police station where she was interviewed by two officers. She was then taken to the local hospital for medical examination. Later, Bodart guided the officers to the scene of the incident, where they recovered a knife.

### ISSUES

1. *Sufficiency of the evidence*

■ Since appellant admits the act of intercourse, his claim of insufficient evidence is directed solely to the element of consent. The jury heard both appellant and Bodart on this point. As the arbiter of the credibility of witnesses, *Hoffa v. United States*, 385 U.S. 293, 311, 87 S.Ct. 408, 17 L.Ed.2d 374 (1966), the jury chose to believe the prosecutrix. There was abundant evidence to corroborate her story. The occupant of the trailer home, two police officers, and the medical examiner testified that after the incident Bodart was "hysterical," "crying," "very emotional," and "very shaky." Bowen's medical examination revealed bruises on her head, neck, anus and body. The defendant admitted lack of any prior contact with the victim. He also admitted ownership of a pocket knife. Appellant, while on the witness stand, was presented with the knife found at the scene of the incident matching Bodart's description of the weapon used against her. He admitted that the knife "could be" his. Viewed in the light most favorable to the government, this is more than substantial evidence of appellant's guilt. *See Glasser v. United States*, 315 U.S. 60, 80, 62 S.Ct. 457, 86 L.Ed. 680 (1942); *United States v. Nelson*, 419 F.2d 1237, 1242 (9th Cir. 1969).

2. *Limitation of character witnesses*

■ Appellant moved pursuant to Rule 17(b), F.R.Cr.P., to have four character witnesses, at government expense, appear on his behalf. The court allowed him to call only two. Appellant claims abuse of discretion, because the additional witnesses were needed to counter the prosecution's "barrage of cumulative testimony" concerning the victim's state of mind.

We resist the implication that the number of witnesses rather than the quality of their testimony should determine the strength of argument. Moreover, we find that the government's witnesses in this case were not cumulative; each provided independent and valuable corroborating evidence. Appellant does not say that his additional witnesses would have offered any new evidence. In this situation, as we noted in *Loux v. United States*, 389 F.2d 911, 917 (9th Cir. 1968),

> "[T]he court needs the right to impose some limitation on the number of witnesses testifying about a particular fact. Decision as to how many must be left to the sound discretion of the judge."

*Accord, Michelson v. United States*, 335 U.S. 469, 480, 69 S.Ct. 213, 93 L.Ed. 168 (1948); *United States v. Fernandez*, 497 F.2d 730, 735–36 (9th Cir. 1974), *cert. denied*, 420 U.S. 990, 95 S.Ct. 1423, 43 L.Ed.2d 670, *reh. denied*, 421 U.S. 1017, 95 S.Ct. 2425, 44 L.Ed.2d 686 (1975). No "exceptional and compelling circumstances clearly indicate an abuse of discretion" on the part of the court below. *Wagner v.*

*United States*, 416 F.2d 558, 564 (9th Cir. 1969), *cert. denied*, 397 U.S. 923, 90 S.Ct. 915, 25 L.Ed.2d 104 (1970).

### 3. *Cautionary instruction on rape*

Finally, appellant argues that it was error for the trial court to refuse to give his proffered instruction warning the jury that rape is a charge easily made and requiring special attention to the testimony of the female.[1] Refusal was based on the reasoning in *People v. Rincon-Pineda*, 14 Cal.3d 864, 123 Cal.Rptr. 119, 538 P.2d 247 (1975). Appellant contends that the court should have looked to Nevada law, and that under the circumstances Nevada law requires the instruction; alternatively, he contends that the court was bound by the full reasoning of *Rincon-Pineda* and so failed to give an instruction prescribed in that opinion for California trial courts for criminal cases in which no corroborating evidence is required.

■ We deal in this case with a federal crime, defined and punished by federal law. 18 U.S.C.A. § 1153 (West Supp., 1977), *amending* 18 U.S.C.A. § 1153 (1966); 1976 U.S.Code Cong. and Admin. News, pp. 1125, 1129. A federal court in this circumstance is not bound by any state court decision, or to all aspects of a state decision once cited. *Clayton v. United States*, 447 F.2d 476, 477 (9th Cir. 1971); *Matysek v. United States*, 339 F.2d 389, 394–95 (9th Cir. 1964) *cert. denied*, 381 U.S. 917, 85 S.Ct. 1545, 14 L.Ed.2d 437 (1965). The federal court may, as here, however, choose to adopt as federal law those principles enunciated by state tribunals that it finds to be sensible and well-reasoned. *United States v. Smith*, 420 F.2d 428, 431 (5th Cir. 1970); *United States v. Ridling*, 350 F.Supp. 90, 94 (E.D.Mich. 1972); *Rivera-Vargas v. United States*, 307 F.Supp. 1075, 1078 (D. Puerto Rico 1969); *Rosenberg v. Carroll*, 99 F.Supp. 630, 633 (S.D.N.Y.1951).

■ California considers the cautionary rape instruction now to be "inappropriate in

any context, [because] impermissibly focusses on the character of the crime rather than the nature of the evidence." *Rincon-Pineda, supra* 14 Cal.3d at 882 and n.6, 123 Cal.Rptr. at 132, 538 P.2d at 260. Nevada, whose law appellant would have us apply, holds that refusal to give the instruction is not prejudicial "if the evidence clearly points to defendant's guilt, the victim's testimony is corroborated, or there are other factors which show that the defendant has been given a fair trial." *May v. State*, 89 Nev. 277, 278, 510 P.2d 1368, 1369 (1973); *Stalley v. State*, 91 Nev. 671, 676, 541 P.2d 658, 662 (1975). Under either state's standard the refusal of the trial court to give the instruction is not error, since the evidence clearly points to the defendant's guilt, the victim's testimony is corroborated, and the trial was fair. We note, also, that the Court of Appeals for the District of Columbia finds the cautionary argument to be more appropriate to defense summation than to the jury charge. *Campbell v. United States*, 85 U.S.App.D.C. 133, 176 F.2d 45, 46 (1949).

The judgment is affirmed.

---

1. The defendant's request was as follows:

"A charge such as that made against the defendant in this case is one which is easily made and, once made, difficult to defend against, even if the person accused is innocent.

"Therefore, the law requires that you examine the testimony of the female person named in the indictment with caution."