WILLIE LESTER GATLIN, Appellant, *v.* THE STATE OF NEVADA, Respondent.

No. 10999

March 28, 1980                                    608 P.2d 1100

*Redmon & McGimsey, Ltd.,* Las Vegas, for Appellant.

*Richard H. Bryan,* Attorney General, Carson City; *Robert J. Miller,* District Attorney, and *H. Leon Simon,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

Appellant contends that the evidence adduced at trial was legally insufficient to support his conviction of robbery with use of a deadly weapon.

At trial, the victim testified that while walking down a street in Las Vegas he was approached by a man who identified himself as Mr. Chapple and who offered to sell him a ring or a watch. The man explained he needed money to buy gasoline.

The victim responded that he did not wish to buy either item but would be willing to "help him with one dollar or two to buy some gas." The two could not find an open gasoline station so the victim gave Mr. Chapple two dollars, advised him where he might find an open station, and went his separate way. About fifteen or twenty minutes later the same Mr. Chapple approached the victim in a car driven by the appellant and offered the victim a ride home. The offer was accepted. Subsequently, the car was driven on to a narrow street where the appellant robbed the victim at knife-point. After being ordered from the car, the victim telephoned the police and gave a description of the automobile including a license number. Shortly thereafter, the suspect vehicle was stopped and Mr. Chapple and the appellant were apprehended. The victim was brought to the scene and identified appellant at that time. The victim also identified appellant in court.

We do not believe it is necessary to recount the testimony of the other prosecution witnesses. Neither is a summary of appellant's testimony, which differed from that of the victim's in several material respects, required. The victim's testimony constituted substantial evidence sufficient to support the conviction. Where there is conflicting evidence it is the role of the trier of fact, not a court of errors, to resolve that conflict. Stewart v. State, 94 Nev. 378, 580 P.2d 473 (1978). In this case, the trier of fact construed the evidence adversely to plaintiff, and we have no hesitancy in deciding that the jury acted reasonably in concluding that the State sustained its burden of proof. *See* McKinney v. State, 95 Nev. 494, 596 P.2d 503 (1979); Stewart v. State, *supra.*

Accordingly, the judgment is affirmed.