RICHARD THOMAS DEEDS, Appellant, v. THE STATE OF NEVADA, Respondent.

No. 12546

April 10, 1981                        626 P.2d 271

*Morgan D. Harris,* Public Defender, Clark County, for Appellant.

*Richard H. Bryan,* Attorney General, Carson City; *Robert J. Miller,* District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

Appellant was convicted by a jury of two counts of sexual assault. One assault, forced fellatio, occurred in the victim's living room; the other assault, forced sexual intercourse,

occurred in the bedroom. Appellant contends that the evidence was "contradictory" and insufficient to support conviction and that the court erred in finding him guilty of two counts of sexual assault.

It is well established law in Nevada that in a rape case, a jury may convict upon the uncorroborated testimony of the victim. Henderson v. State, 95 Nev. 324, 594 P.2d 712 (1979); May v. State, 89 Nev. 277, 510 P.2d 1368 (1973); Bennett v. Leypoldt, 77 Nev. 429, 366 P.2d 343 (1961). Here the victim testified that she saw the appellant face to face for over thirty minutes and that the appellant committed sexual assault upon her. The jury was entitled to believe this testimony.

This court has often stated that where there is conflicting testimony presented at a criminal trial, it is within the province of the jury to determine the weight and credibility of the testimony. Wicker v. State, 95 Nev. 804, 603 P.2d 265 (1979); Hankins v. State, 91 Nev. 477, 538 P.2d 167 (1975). When there is substantial evidence to support a verdict in a criminal case, as there is in this case, the reviewing court will neither disturb the verdict nor set aside the judgment. Gatlin v. State, 96 Nev. 303, 608 P.2d 1100 (1980); Sanders v. State, 90 Nev. 433, 529 P.2d 206 (1974).

Concerning claimed error in the double conviction Wicker v. State, *supra,* is controlling. The great weight of authority supports the proposition that separate and distinct acts of sexual assault committed as a part of a single criminal encounter may be charged as separate counts and convictions entered thereon. *See* Hamill v. State, 602 P.2d 1212 (Wyo. 1979); People v. Perez, 23 Cal.3d 545, 153 Cal.Rptr. 40, 591 P.2d 63 (1979); People v. Saars, 584 P.2d 622 (Colo. 1978); People v. Robinson, 80 Mich.App. 559, 264 N.W.2d 58 (1978); State v. Hill, 104 Ariz. 238, 450 P.2d 696 (1969).

Since neither of appellant's contentions has merit, we affirm the judgment of the trial court.