**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 25 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ALBERT MEDINA, | No. 12-16957 |
| Petitioner - Appellant | D.C. No. 2:09 cv-1331 GMN GWF |
| v. | |
| BRIAN WILLIAMS, SR.; ATTORNEY GENERAL FOR THE STATE OF NEVADA, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Gloria M. Navarro, Chief District Judge, Presiding

Argued and Submitted March 13, 2014
San Francisco, California

Before:    FARRIS, REINHARDT, and TASHIMA, Circuit Judges.

Albert Medina appeals from the judgment of the district court denying his

petition for a writ of habeas corpus.  Reviewing the district court's denial of the

petition *de novo*, *see Brown v. Ornoski*, 503 F.3d 1006, 1010 (9th Cir. 2007), we

affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

**1.** We affirm the district court's determination that the admission of Francine Ryer's statements to Dorothy Golden did not violate the Confrontation Clause. As a preliminary matter, Medina waived this argument by failing to raise it in his opening brief. *See United States v. Kama*, 394 F.3d 1236, 1238 (9th Cir. 2005).

Even if the Confrontation Clause claim were not waived, however, we would affirm. The Confrontation Clause applies only to testimonial statements, *see Davis v. Washington*, 547 U.S. 813, 823–26 (2006), and Ryer's statements to Golden were not testimonial, *see Delgadillo v. Woodford*, 527 F.3d 919, 927 (9th Cir. 2008). Further, under the Antiterrorism and Effective Death Penalty Act, we can reverse a state court judgment only if the decision was contrary to, or an unreasonable application of, clearly established federal law. *Id.* Because the Supreme Court has not held that the admission of statements like the ones admitted in this case violates the Confrontation Clause, we cannot conclude that the state court's denial of relief was contrary to, or an unreasonable application of, clearly established federal law, even if the statements could be construed as testimonial. *See id.*

**2.** We affirm the district court's determination that the admission of the statements Ryer made to nurse Marian Adams ("Adams") was harmless error. The

testimony was cumulative of Ryer's statements to Golden, which were properly admitted under Nevada's hearsay exception for excited utterances[1] and, as discussed above, did not violate the Confrontation Clause. The statements were also corroborated by physical evidence, which included description of Ryer's extensive injuries, photographs of bruises and cuts, and testimony that Ryer was visibly distraught in the days following the assault. *See United States v. Henry*, 560 F.2d 963, 965 (9th Cir. 1977). In light of this evidence, like the district court, we conclude that the error was harmless. *See Welchel v. Washington*, 232 F.3d 1197, 1210–11 (9th Cir. 2000); *Laboa v. Calderon*, 224 F.3d 972, 977 (9th Cir. 2000); *cf. Merolillo v. Yates*, 663 F.3d 444, 455–58 (9th Cir. 2011).

**3.** Finally, we affirm the district court's determination that sufficient evidence supported the guilty verdicts of five counts of sexual assault. In making this determination, we consider all the evidence admitted by the trial court,

---

[1] The Nevada Supreme Court determined, as a matter of state law, that the statements were admissible under Nevada Revised Statute § 51.095 and we are bound by that ruling. *See Wisconsin v. Mitchell*, 508 U.S. 476, 483 (1993).

regardless of whether it should have been excluded.[2] *See McDaniel v. Brown*, 558 U.S. 120, 121 (2010) (per curiam). The evidence before the jury was more than sufficient to sustain five counts of sexual assault. Ryer's own statement to Golden is alone sufficient under Nevada law to sustain the conviction. *See Deeds v. State*, 626 P.2d 271, 272 (Nev. 1981) (per curiam). We also note, however, that there is ample other evidence to support the verdict. For example, the prosecution introduced testimony and photographs of Ryer's injuries, as well as testimony that Ryer was visibly distraught, pale, shaken, and crying in the days following the assault. All of this evidence, in addition to the victim's statements, is sufficient to sustain the verdict. *See Henry*, 560 F.2d at 965; *Deeds*, 626 P.2d at 272; *Lloyd v. State*, 576 P.2d 740, 742 (Nev. 1978).

The judgment of the district court is **AFFIRMED**.

---

[2]     While we may consider evidence admitted in violation of the Confrontation Clause when assessing the sufficiency of the evidence, *United States v. Huber*, 772 F.2d 585, 592 (9th Cir. 1985), we conclude that the evidence is sufficient even without considering the statements Ryer made to Adams, which were admitted in violation of the Confrontation Clause.