# IN THE SUPREME COURT OF THE STATE OF NEVADA

MIGUEL JOSE GUITRON,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 72572

FILED

JAN 1 0 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK



## ORDER OF AFFIRMANCE

This is an appeal from a district court order denying appellant Miguel Jose Guitron's postconviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Kathleen E. Delaney, Judge. Guitron argues that he received ineffective assistance of trial and appellate counsel. We disagree and affirm.

To demonstrate ineffective assistance of counsel, a petitioner must show that counsel's performance was deficient in that it fell below an objective standard of reasonableness and that prejudice resulted in that there was a reasonable probability of a different outcome absent counsel's errors. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*); *see also Kirksey v. State*, 112 Nev. 980, 998, 923 P.2d 1102, 1114 (1996) (applying *Strickland* to claims of ineffective assistance of appellate counsel). Both components of the inquiry must be shown, *Strickland*, 466 U.S. at 697, and the petitioner must demonstrate the underlying facts by a preponderance of the evidence, *Means v. State*, 120 Nev. 1001, 1012, 103 P.3d 25, 33 (2004). For purposes of the deficiency prong, counsel is strongly presumed to have provided adequate assistance and exercised reasonable

18-01363

professional judgment in all significant decisions. *Strickland*, 466 U.S. at 690. The petitioner is entitled to an evidentiary hearing only when the claims asserted are supported by specific factual allegations not belied or repelled by the record that, if true, would entitle the petitioner to relief. *See Nika v. State*, 124 Nev. 1272, 1300-01, 198 P.3d 839, 858 (2008).

Guitron first argues that trial counsel should have better challenged the sexual encounters as consensual and whether he knew or should have known that the victim was incapable of resisting or understanding the nature of the conduct. Trial counsel presented evidence that the victim was knowledgeable about sex and understood the consequences of her actions, argued this issue in closing argument, and advocated the theory that the victim's consent rendered Guitron's conduct statutory sexual seduction, rather than the sexual assault of a minor under 14 years of age. *Guitron v. State*, 131 Nev., Adv. Op. 27, 350 P.3d 93, 102 (Ct. App. 2015). The record thus belies Guitron's claim that trial counsel did not challenge the State's theory. To the extent that he argues that counsel should have argued more strenuously or retained an expert to assert that the 11-year-old victim could sufficiently resist and understand the sexual conduct, counsel's tactical decisions such as who to call as a witness are virtually unchallengeable, *see Doleman v. State*, 112 Nev. 843, 848, 921 P.2d 278, 280-81 (1996), and Guitron has not shown that counsel performed objectively unreasonably, or that he was accordingly prejudiced, when counsel contested the victim's capacity and consent thoroughly and overwhelming evidence supported Guitron's guilt. *See Guitron*, 131 Nev.,

Adv. Op. 27, 350 P.3d at 102. The district court therefore did not err in denying this claim without an evidentiary hearing.[1]

Guitron next argues that trial counsel should have challenged the absence of DNA evidence showing that he is the victim's father. As the record belies Guitron's claim that counsel did not raise this argument, the district court did not err in denying this claim without an evidentiary hearing.

Guitron next argues that trial and appellate counsel should have challenged his lewdness convictions as redundant to his sexual assault convictions because the conduct related to the lewdness was incidental to that related to the sexual assaults. "The crimes of sexual assault and lewdness are mutually exclusive[,] and convictions for both based upon a single act cannot stand." *Braunstein v. State*, 118 Nev. 68, 79, 40 P.3d 413, 421 (2002). Although touching that is merely incidental to a subsequent sexual assault may not sustain a separate conviction for lewdness, *Crowley v. State*, 120 Nev. 30, 34, 83 P.3d 282, 285 (2004), multiple convictions may be sustained if each rests on a separate and distinct act, as here where Guitron's grabbing and licking of the victim's breast was a separate and distinct act from his penile penetration of the victim's vagina, even if both acts occurred as part of a broader sexual encounter, *see Townsend v. State*, 103 Nev. 113, 121, 734 P.2d 705, 710 (1987) (affirming separate convictions for fondling a victim's breasts and digitally penetrating the victim's vagina); *see also Deeds v. State*, 97 Nev. 216, 217, 626 P.2d 271, 272 (1981) (holding

---

[1]Although Guitron has the burden to provide a sufficient appellate record for our review, he has provided only short excerpts from the trial transcripts. *Thomas v. State*, 120 Nev. 37, 43, 83 P.3d 818, 822 (2004); *Greene v. State*, 96 Nev. 555, 558, 612 P.2d 686, 688 (1980).

SUPREME COURT
OF
NEVADA

(O) 1947A

3

that "separate and distinct acts of sexual assault committed as a part of a single criminal encounter may be charged as separate counts and convictions entered thereon"). As the convictions were not redundant, this challenge would have been futile, and trial and appellate counsel were not ineffective in omitting it, *see Ennis v. State*, 122 Nev. 694, 706, 137 P.3d 1095, 1103 (2006). The district court therefore did not err in denying this claim without an evidentiary hearing.[2]

Having considered Guitron's contentions and concluded that they do not warrant relief, we

ORDER the judgment of the district court AFFIRMED.

_____ , J.
Cherry

_____ , J.
Parraguirre

_____ , J.
Stiglich

cc:    Hon. Kathleen E. Delaney, District Judge
       The Law Office of Travis Akin
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk

---

[2]While the district court's conclusion that this court has rejected a redundancy analysis in this context is mistaken, *see Jackson v. State*, 128 Nev. 598, 612, 291 P.3d 1274, 1283 (2012) (discussing redundancy of convictions for mutually exclusive offenses), the district court's denial of this claim did not rely on this error, but rather on its correct determination that the relevant convictions rested on separate acts, and we affirm its disposition, *see Wyatt v. State*, 86 Nev. 294, 298, 468 P.2d 338, 341 (1970) ("If a judgment or order of a trial court reaches the right result, although it is based on an incorrect ground, the judgment or order will be affirmed on appeal.").